IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 03-cv-02209-MSK-MJW

VINCENT D. FRANCO, JR.,

     Plaintiff,

v.

THE REGENTS OF THE UNIVERSITY OF COLORADO, a body corporate,

     Defendant.

---

## ORDER DENYING MOTION FOR NEW TRIAL

---

THIS MATTER comes before the Court on the Plaintiff's Motion for New Trial (**#87**).

Having considered the motion and response, the Court

**FINDS** and **CONCLUDES** that:

Mr. Franco seeks a new trial on the basis that Instruction No. 9 was erroneous.   If

Instruction No. 9 was erroneous, such error was harmless as to Mr. Franco because the jury

found in his favor on the element to which the instruction applied.

Instruction No. 8 provided:

> For Mr. Franco to establish his claim of discrimination on
> the basis of a disability, he must prove by a preponderance of the
> evidence all of the following elements:
> 1.     He is disabled.
> 2.     He was qualified to be and to remain a
> student at the University of Colorado School
> of Medicine, with or without reasonable
> accommodation.
> 3.     The University of Colorado dismissed him as
> a student from the School of Medicine solely
> because of his disability.

4.    The University of Colorado receives federal financial assistance.

The parties have stipulated to facts pertaining to elements 1 and 4.  Therefore, you must accept these elements as having been proved.

Instruction No. 9 clarified the meaning of the words in element 2 of Instruction No. 8.

For purposes of determining whether Mr. Franco was "qualified to be and to remain a student at the University of Colorado School of Medicine, with or without reasonable accomodation," [sic] you are instructed as follows.  Mr. Franco was "qualified" to be and remain a student if he met the school's academic and technical requirements, based on his performance when assisted by those specific accommodations he either actually requested or that the University provided to him.  You should not speculate as to whether there were other accommodations that could have been made.

In its verdict, the jury found in favor of Mr. Franco on element number 2 - that Mr. Franco was "qualified to be and to remain a student at the University of Colorado School of Medicine, with or without reasonable accommodation."  Thus, any error inured to the benefit of Mr. Franco.

**IT IS THEREFORE ORDERED** that the Motion for New Trial (**#87**) is **DENIED**.

Dated this 7th day of March, 2006

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge

2